UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY GARRETT,[1] | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01551-SEB-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jeffrey Garrett for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

*Background*

After a jury trial in 2004, petitioner Jeffrey Garrett was convicted of possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (count one), and possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (count two). 1:03-cr-0062-SEB-DML-1 ("Crim. Dkt."); *United States v. Garrett,* 321 Fed. Appx. 514 (7th Cir. April 10, 2009). He was found to be a career offender based on two prior felony drug convictions. 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. He was sentenced to a mandatory term of life in prison on count one, and 60 months on count two, to be served consecutively.

---

[1] The petitioner's name is misspelled "Jeffery" on the docket. **The clerk shall modify the docket to reflect the petitioner's first name as "Jeffrey."**

Mr. Garrett's two prior felony drug convictions are a 1994 Indiana felony conviction for dealing in cocaine (Crim. Dkt. #18, Information pursuant to 21 U.S.C. § 851) and a 1989 Indiana felony conviction for possession of cocaine (Crim. Dkt. #61, Information pursuant to 21 U.S.C. § 851). His convictions were affirmed on appeal. *United States v. Garrett,* 139 Fed. Appx. 720 (7th Cir. July 11, 2005).

On June 22, 2016, Mr. Garrett brought this motion under § 2255, by counsel, alleging that he is entitled to relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States,* 136 S. Ct. 1257 (2016). Counsel's motion to withdraw was granted on March 3, 2017, dkt. 6, and Mr. Garrett has proceeded in this action *pro se.* The United States has responded to Mr. Garrett's claim, and the action is ripe for resolution.

### *Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (internal quotation omitted).

When this action was filed, Mr. Garrett's claim was that he was improperly sentenced under the United States Sentencing Guidelines and that his prior convictions of resisting law

enforcement and robbery no longer qualified as "crimes of violence" under the career offender provision of the Guidelines. Following the Supreme Court's decision in *Beckles v. United States,* 137 S. Ct. 886 (2017), counsel withdrew. *Beckles* held that the advisory Sentencing Guidelines' residual clause defining a "crime of violence" as an offense that "involves conduct that presents a serious potential risk of physical injury to another," § 4B1.2(a)(2), is "not subject to vagueness challenges under the Due Process Clause." *Id.* at 890. Therefore, Mr. Garrett's *Beckles* claim fails.

Mr. Garrett now argues that his 1988 Indiana robbery conviction cannot be used to establish his sentence as a career offender under guideline § 4B1.1, relying on *Mathis v. United States,* 136 S. Ct. 2243 (2016). Mr. Garrett's prior convictions of the 1989 and 1994 felony drug offenses required that he be sentenced to a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii); *see Garrett,* 321 Fed. Appx. at 516; *United States v. Garrett,* No. 16-2550 (7th Cir. Sept. 28, 2016) (affirming that Mr. Garrett's sentence was imposed pursuant to the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(iii) based on those two prior felony *drug* convictions). Mr. Garrett does not challenge either of those prior convictions. Therefore, his *Mathis* argument provides him no relief.

For all of the reasons discussed above, Mr. Garrett is not entitled to relief.

### *Denial of Hearing*

An evidentiary hearing is "not required when 'the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Garrett is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **DENIED.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Garrett has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:03-cr-0062-SEB-DML-1.**

**IT IS SO ORDERED.**

Date: 4/26/2018

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY GARRETT
07154-028
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov